**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Auto-Owners Insurance Company, a foreign insurer licensed to do business in the State of Arizona,<br><br>    Plaintiff,<br><br>vs.<br><br>Mortensen Construction Co., Inc., an Arizona company; Loren Bemis, an individual,<br><br>    Defendants. | No. 09-CV-2380-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Auto-Owners Insurance Company's ("Auto-Owners") Motion for Summary Judgment (Dkt. # 16). For the following reasons, the Court denies the Motion without prejudice.

**BACKGROUND**

Defendant Mortensen Construction Company, Inc. ("MCCI") is a general contractor for residential construction. From 1981 through 2004, MCCI actively built permanent residences. In 2004, however, MCCI stopped building residences and began focusing on developing real properties owned by MCCI.

In 1997, while it was still in the business of constructing residential homes, MCCI completed construction on a home now owned by Defendant Loren Bemis ("Bemis"). On May 2, 2007, an attic ladder that MCCI installed in Bemis's home allegedly collapsed and

1  caused Bemis injury to both his person and property. Auto-Owners is an insurance company
2  that issued two comprehensive general liability policies to MCCI, one in 1997 and one in
3  2007. The 2007 policy is a comprehensive general liability policy, which covered "those
4  sums that [MCCI] becomes legally obligated to pay as damages because of 'bodily injury'
5  or 'property damage' to which th[e] insurance applies." (Dkt. # 17 at 3.)  The policy,
6  however, included an endorsement stating that the "insurance does not apply to [claims]
7  included within the 'products-completed operations hazard'" exclusion. The exclusion states
8  as follows:

> "Products-completed operations hazard":
>
> a. Includes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of "your product" or "your work" except:
> (1) Products that are still in your physical possession; or
> (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
> (a) When all of the work called for in your contract has been completed.
> (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
> (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

(Dkt. # 17 at 4.) Auto-Owners contends that this exclusion means the policy does not cover injuries where (1) the injury occurs away from the premises MCCI owns, (2) the injury arises out of MCCI's product or work, and (3) either the products are not in MCCI's physical possession or the work is completed or deemed completed.

When negotiating the 2007 policy, MCCI's president, Fred Mortensen ("Mortensen"), conferred with Leavitt Insurance of the East Valley ("LIEV"), an insurance brokerage. Defendant alleges that Mortensen requested "full insurance coverage to protect MCCI." Mortensen asserts that he explained to the LIEV agent that MCCI had stopped building residences in 2004 and that MCCI needed an appropriate insurance policy. (Dkt. # 27, Ex. 1.) The LIEV agent then proposed that MCCI purchase a policy with Auto-Owners. The agent informed Mortensen that the policy did not include "products-completed operations

coverage." Mortensen alleges, however, that he "was led to believe that the lack of products-completed operations coverage was unnecessary because MCCI was no longer building homes" and that the LIEV agent "did not indicate that the Auto-Owners' policies . . . would not cover any claims which arose from construction activity previously performed." (Dkt. # 27 at 3.) Mortensen concludes that he would not have agreed to such a policy for MCCI if he had known that the policy did not cover injuries caused by deficient work on completed projects.

After the ladder incident occurred, Bemis filed a negligence suit in Maricopa County Superior Court. Auto-Owners then filed the instant declaratory judgment action, seeking a judicial determination that Auto-Owners has no obligation to defend MCCI or to indemnify any of the parties for any judgment or settlement reached in the underlying state court negligence suit. Before discovery had begun and before the Court could hold its case management conference, Auto-Owners filed this Motion for Summary Judgment.

**DISCUSSION**

**I. Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, the burden is on the nonmoving party to establish a genuine issue of material fact. *Id.* at 322–23. The nonmoving party "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586-87 (1986).

When, as here, a party moves for summary judgment early in the proceedings and one of the parties requests additional discovery, the Court analyzes the parties' request pursuant to Federal Rule of Civil Procedure 56(f). Under Rule 56(f), if the nonmoving party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may issue any just order, including denial of the motion or an order for further discovery. Fed. R. Civ. P. 56(f). District courts should grant Rule 56(f) relief "fairly freely" where the summary judgment motion is filed "early in the litigation, and before a party has had any realistic opportunity to pursue discovery." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir.2003). The Rule 56(f) affidavit must be "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Assoc. v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). To demonstrate that there is some basis for believing that the information sought actually exists, the affidavit cannot rely on facts that are "almost certainly nonexistent" or that are "pure speculation." *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779–80 (9th Cir. 1998) (internal quotations omitted).

**II.     Analysis**

Auto-Owners contends that the 2007 insurance policy does not cover the personal or property injuries that Bemis alleges because the policy includes a products-completed operations hazard exception.[1] Specifically, Auto-Owners argues that the policy excludes coverage because (1) the injuries occurred away from premises MCCI owns, i.e. at Bemis's home, (2) the injuries arise out of MCCI's work in installing the ladder, and (3) MCCI completed construction of Bemis's home in 1997, ten years before Bemis suffered physical

---

[1] Auto-Owners also argues that the 1997 policy is inapplicable, and MCCI does not appear to dispute this argument.

1 injury.

2 MCCI disputes these assertions and also contends that the products-completed 3 operations hazard exception is unenforceable under *Darner Motor Sales, Inc. v. Univ.* 4 *Underwriters Ins. Co.*, 140 Ariz. 383, 682 P.2d 388 (1984). *Darner* disallows enforcement 5 of unambiguous provisions in standardized insurance contracts which are contrary either to 6 a party's separate representation of intention reasonably relied on by the other party or to the 7 known purpose of the transaction. *Id.* at 391, 682 P.2d at 396. In adopting the Restatement 8 (Second of Contracts) § 211, *Darner* further explains that "[w]here the other party has reason 9 to believe that the party manifesting such assent would not do so if he [or she] knew that the 10 writing contained a particular term, the term is not part of the agreement." *Id.* This rule 11 applies even if the boilerplate terms are unambiguous. *Gordiner v. Aetna Cas. & Sur. Co.*, 12 154 Ariz. 266, 272, 742 P.2d 277, 283 (1987). *Gordiner* listed four situations in which the 13 *Darner* rule would void a standardized insurance term: (1) "[w]here the contract terms, 14 although not ambiguous to the court, cannot be understood by the reasonably intelligent 15 consumer who might check on his or her rights, the court will interpret them in light of the 16 objective, reasonable expectations of the average insured[;]" (2) "[w]here the insured did not 17 receive full and adequate notice of the term in question, and the provision is either unusual 18 or unexpected, or one that emasculates apparent coverage[;]" (3) "[w]here some activity 19 which can be reasonably attributed to the insurer would create an objective impression of 20 coverage in the mind of a reasonable insured[;]" (4) "[w]here some activity reasonably 21 attributable to the insurer has induced a particular insured reasonably to believe that he has 22 coverage, although such coverage is expressly and unambiguously denied by the policy[.]" 23 *Id.* at 272–73, 742 P.2d at 283–84.

24 MCCI submits a Rule 56(f) affidavit indicating that it has not been able to conduct 25 discovery at this early stage of litigation and identifying areas of discovery it requires to 26 defeat summary judgment. Contrary to Plaintiff's assertion, the affidavit specifically 27 identifies relevant information and a basis for believing that the information sought may 28 exist. *VISA*, 784 F.2d at 1475; *see also* Fed. R. Civ. P. 56(f). The affidavit requests records

indicating an agency relationship and records or depositions of LIEV agents showing the representations and understandings present during the policy negotiation process.

This and other discovery may be useful in determining whether the products-completed operations hazard exception is unenforceable under *Darner* and *Gordiner*. Evidence regarding both the agency relationship and the various representations and understandings may reveal activity reasonably attributable to Auto-Owners that "would create an objective impression of coverage" for injuries resulting from past construction work. *See Gordiner*, 154 Ariz. at 273, 742 P.2d at 284.

Similarly, even if the products-completed operations coverage term was both clear and disclosed to Mortensen during negotiations, further discovery may reveal activity reasonably attributable to Auto-Owners that "has induced . . . [MCCI] to believe that [it] has coverage" for injuries like Bemis's. *See id.* Mortensen avows that he told the LIEV agent that MCCI required "full insurance" coverage and that MCCI was no longer in the business of constructing new residences, suggesting that Mortensen reasonably expected to procure insurance coverage that would cover MCCI for injuries resulting from residences it previously constructed. MCCI, therefore, has offered more than "pure speculation" that this discovery would reveal further support for MCCI's reasonable expectations defense. *See Campbell*, 138 F.3d at 779–80 (noting that affidavits are invalid only if the facts are "almost certainly nonexistent" or a result of "pure speculation"). The cases Plaintiff cites are all potentially distinguishable if further evidence indicates that the products-completed operations hazard exception violated MCCI's reasonable expectations in purchasing an insurance policy. Finally, although Plaintiff asserts otherwise, Mortensen's current affidavit is not the only evidentiary basis on which MCCI may rely to support its reasonable expectations defense, and further discovery is warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. # 16) is **DISMISSED WITHOUT PREJUDICE**.

/ / /

/ / /

**IT IS FURTHER ORDERED** that an Order Setting a Rule 16 Scheduling Conference will be forthcoming.

DATED this 5th day of May, 2010.

_____
G. Murray Snow
United States District Judge